UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROMETHEUS REAL ESTATE GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> TERMINIX INTERNATIONAL COMPANY LIMITED PARTNERSHIP, et al., <br><br> Defendants. | Case No. 15-cv-02234-HSG <br><br> **ORDER DENYING DEFENDANTS' MOTION TO STAY; SETTING CASE MANAGEMENT CONFERENCE** <br><br> Re: Dkt. No. 28 |

Before the Court is the motion to stay the case filed by Defendants Terminix International, Inc. and The Terminix International Company LP (together, "Defendants"). Dkt. No. 28 ("Mot."). Plaintiff Prometheus Real Estate Group, Inc. ("Plaintiff") is seeking indemnification and damages from Defendants as well as declaratory relief regarding a state court judgment. Defendants argue that a stay of this case is warranted pending Plaintiff's appeal of that judgment. Plaintiff has filed an opposition, Dkt. No. 33 ("Opp."), and Defendants have filed a reply, Dkt. No. 34 ("Reply").

For the reasons set forth below, the Court **DENIES** Defendant's motion to stay and **SETS** a case management conference for April 19, 2016, at 2:00pm, to discuss scheduling.

## I.  BACKGROUND

This case arises from a state court action filed against Plaintiff, a property lessor, by two of its tenants regarding allegedly defective insect spraying that Plaintiff hired Defendants to perform in its building. Dkt. No. 1-2 ("Compl.") ¶¶ 10-11, 14-18. Following a jury trial, the state court entered a monetary judgment against Plaintiff, including damages and attorneys' fees. *Id.* ¶ 20.

Plaintiff's contract with Defendants governing the services at issue had an indemnification and guaranty provision that allegedly insulates Plaintiff from the state court judgment against it, as

well as from the costs of defense incurred defending that action. *Id.* ¶¶ 10-13, 24. Accordingly, Plaintiff sued Defendants in state court, seeking indemnification and declaratory relief. *Id.* ¶¶ 21-48. Plaintiff also alleges that Defendants were negligent in failing to maintain certain documents that it needed to adequately defend itself at trial and seeks damages on that basis. *Id.* ¶ 49-55. Defendants removed the case to this Court on diversity grounds, Dkt. No. 1 ¶¶ 6-11, and move to stay the case pending the resolution of Plaintiff's appeal of the underlying state court judgment.

## II. REQUEST FOR JUDICIAL NOTICE

Defendant requests judicial notice of Plaintiff's appeal of the state court judgment. Dkt. No. 30 ("RJN") at 1 & Ex. 1. The Court may take judicial notice of documents "not subject to reasonable dispute." Fed. R. Evid. 201(b). Proceedings, including orders and filings, in other courts, including state courts, are also the proper subject of judicial notice when directly related to the case. *Tigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011) (internal citations omitted).

To the extent that Plaintiff's opening appellate brief contains allegations or factual findings by the state court, the Court declines to take notice of them for the truth of the matters they assert. *See Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1117, n.14 (9th Cir. 2005) (declining to take judicial notice of findings made in a state court proceeding "because [the requesters were] offering the factual findings contained in the order for the purpose of proving the truth of the factual findings contained therein"). But to the extent that the brief explains the procedural posture of this case, including the existence of filings made by a party to this action, the Court takes judicial notice. *See Tigueros*, 658 F.3d at 987 (taking judicial notice of "directly related" state court documents).

Because it is directly relevant to this motion, the Court also *sua sponte* takes judicial notice of the fact that briefing is complete in the state court appeal and is pending scheduling of oral argument. Docket (Register of Actions), *Hjelm v. Prometheus Real Estate Group, Inc.*, Case No. A142723, http://appellatecases.courtinfo.ca.gov/, last accessed April 15, 2016; *see also Haskins v. Fuller-O'Brien, Inc.*, No. 11-cv-05142, 2013 WL 1789672, at *1 n.2 (N.D. Cal. Apr. 26, 2013).

## III. LEGAL STANDARD

A district court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for

itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Using this power, one case may be stayed in favor of another. *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1997) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court.").

"In the typical *Landis* stay case, a federal court postpones resolution of the case pending some related proceeding [that] typically serves only to narrow the factual or legal issues for the federal court." *Stoltz v. Fry Foods, Inc.*, 60 F. Supp. 3d 1132, 1136 (D. Idaho 2014); *see also Landis*, 299 U.S. at 250-51 (recognizing that the related case "may not settle every question of fact and law" in the stayed federal action); *CMAX, Inc. v. Hall*, 300 F.2d 265, 269 (9th Cir. 1962) (affirming *Landis* stay pending related agency proceeding because the agency action "provide[d] a means of developing comprehensive evidence bearing upon the highly technical tariff questions which [were] like to arise in the district court case."). "Furthermore, a *Landis* stay is generally of a limited duration." *Stoltz*, 60 F. Supp. 3d at 1136-37; *see also Landis*, 299 U.S. at 256 (stating that a district court abuses its discretion by entering a "stay of indefinite duration in the absence of a pressing need"); *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066-67 (9th Cir. 2007) (reversing district court for imposing *Landis* stay of indefinite nature). In these ways, a stay under *Landis* is not an abstention of jurisdiction, but only an administrative device.

In order to determine whether a *Landis* stay should be implemented, courts consider: (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX*, 300 F.2d at 268 (citing *Landis*, 299 U.S. at 254-55). Whether to grant a stay request is a matter entrusted to the discretion of the district court. *See Landis*, 299 U.S. at 254 ("How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.").

3

When weighing the relevant interests, courts must be mindful that "if there is even a fair possibility that the stay for which he prays will work damage to some one else," the moving party "must make out a clear case of hardship or inequity in being required to go forward." *Id.* at 255. And that hardship must be something more than the inherent inconvenience that arises from being involved in litigation. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005).

**IV.  DISCUSSION**

Defendants contend that a *Landis* stay is warranted in this case because "there is a very real possibility that this matter will be rendered moot" by Plaintiff's state court appeal. Mot. at 3. Plaintiff has appealed not only the amount of the judgment against it, but also the validity of the verdict. RJN, Ex. 1 at 51-62. If Plaintiff were to succeed in reversing the judgment, Defendants contend that it would be a waste of judicial and party resources to determine whether they have any duty to indemnify Plaintiff. In addition, Defendants assert that they will suffer substantial harm if a stay is not granted because they needlessly will be required to litigate in this Court. *Id.* at 4. Finally, Defendants argue that Plaintiff would not be injured by the stay. *Id.*

Applying the *Landis* factors, the Court finds that a stay pending resolution of Plaintiff's state court appeal is not warranted. First, Plaintiff persuasively argues that it would be injured by delaying adjudication of its indemnification claims against Defendants because, in the event that its appeal is unsuccessful, the verdict would become immediately due and payable. If it has a declaratory judgment against Defendants before that time, then it would be able to avoid any claimed obligation to make immediate payment to the state court plaintiffs. The Ninth Circuit has consistently noted that where there is a risk of prospective injury to the party opposing the stay that could be cured by declaratory or injunctive relief, there is a "fair possibility" that the stay will "work damage," weighing in favor of denial. *See Lockyer*, 398 F.3d at 1112 (explaining that the Ninth Circuit affirmed a *Landis* stay in *CMAX*, 398 F.3d at 268-69, because the plaintiff's suit "alleged no continuing harm and sought no injunctive or declaratory relief[, meaning that] [d]elay of [the plaintiff's] suit would result, at worst, in a delay in its monetary recovery"). Accordingly, this factor weighs heavily against the stay.

Second, in light of that finding of potential hardship to Plaintiff, Defendants are required to

1  "make out a clear case of hardship or inequity in being required to go forward." *See Lockyer*, 398
2  F.3d at 1112. The only hardship that Defendants assert they would incur flows from litigating in
3  this Court. But the Ninth Circuit has been clear that hardship must be something more than the
4  intrinsic inconvenience arising from the litigation sought to be stayed. *Id.* Accordingly, the lack
5  of corresponding hardship on Defendants weighs decisively against the stay.

6  Furthermore, the indefinite stay that Defendants request would be inappropriate under
7  these circumstances. Even if the state court appeal is resolved in the coming months, a reversal
8  for Plaintiff might require a retrial. *See* RJN, Ex. 1 at 59-62 (Plaintiff alleges reversible
9  instructional error on appeal). *Landis* is generally not the appropriate mechanism for indefinite
10 stays of federal actions in favor of state court proceedings. *See Landis*, 299 U.S. at 256 (stating
11 that a district court abuses its discretion by entering a "stay of indefinite duration in the absence of
12 a pressing need"); *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066-67
13 (9th Cir. 2007) (reversing *Landis* stay of "indefinite" nature); *Yong v. INS*, 208 F.3d 1116, 1119
14 (9th Cir. 2000) (remanding stay order for reconsideration "because the stay terminates upon the
15 resolution of [an] appeal . . . the stay could remain in effect for a lengthy period of time, perhaps
16 for years if . . . reversed and the case is remanded for further proceedings"). Defendants have not
17 shown a pressing need for an indefinite stay in this case.

18 Finally, the Court considers whether staying this case pending resolution of the state court
19 appeal results in any judicial efficiency. Although Defendants are correct that Plaintiff's appeal, if
20 successful, might moot its indemnification claims with respect to the state court verdict, the appeal
21 cannot moot Plaintiff's indemnification claim for costs incurred defending the underlying state
22 court action, including attorneys' fees, investigative expenses, and costs of suit. *See* Compl. ¶ 24
23 ("[Defendants] agree[] to indemnify, defend with counsel selected by Owner and [Plaintiff] . . .
24 against any claims . . . and attorneys' fees arising out of this Contract or the performance of Work
25 by [Defendants.]"); *id.* ¶¶ 29-31, 40 & 44 ("[Plaintiff] . . . has incurred attorneys' fees and other
26 foreseeable defense costs[.]"). Without prejudging the merits of Defendants' case, the Court does
27 not currently see how this action can be conclusively resolved by the state courts given this costs-
28 of-defense indemnification claim. Additionally, Plaintiff asserts a negligence claim based on

Defendant's provision of allegedly inadequate pest control services and its failure to maintain documents properly. *Id.* ¶¶ 49-55. Because this action would move forward regardless of the outcome of the state court appeal, this factor also weighs against the stay.

In sum, because each factor under the *Landis* stay test weighs against staying this action pending resolution of the pending state court appeal, the Court denies Defendants' motion.

## V.   CONCLUSION

For the foregoing reasons, the Court hereby **DENIES** Defendants' motion to stay and **SETS** a further case management conference for April 26, 2016, at 2:00pm, to discuss scheduling.

**IT IS SO ORDERED.**

Dated: April 15, 2016

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge